FROM: THE DISTRICT COURT OF THE TWENTIETH
JUDICIAL DISTRICT, COUNTY OF LAKE,

STATE OF MONTANA,

Plaintiff, NO. DC-87-86

vs. DECISION

ALEXANDER RAYMOND COURVILLE,

Defendant.

On February 24, 1988, the Defendant was sentenced to Count I, Se 2xual Intercourse without Consent, twenty (20) years; Count II, Aggravated Burglary, twenty (20) years with ten (10) years suspended plus conditions ; Counts I and II shall be served consecutively; ten (10) years for persistent felony offender to run consecutive to Counts I and II; 166 days credit for time served; dangerous designation.

On March 9, 1990, the Defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The Defendant was present and was represented by Dave Ohler, of the Montana Defender Project. The state was represented by Larry Nistler, County Attorney from Lake County.

Before hearing the application, the Defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also to increase it if such is possible. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that he understood this and stated that he wished to proceed.

After careful consideration, it is the unanimous decision of the Sentence Review Division that the sentence shall be amended by changing the wording of the February 24, 1988 Judgment. Beginning at page 2, line 1, the Judgment shall read as follows: the sentence imposed above. The Defendant is designated as a persistent felony offender, under MCA 46-18-502, because he committed these felony offenses within five years of his discharge on parole for a prior felony conviction of Robbery.

The Sentence Review Division finds that it was harmless error to indicate the discharge was from parole because the defendant had in fact been incarcerated through a period of time within five years of the date of his sentence and therefore, it does constitute a prior felony offender for purposes of the statute.

Judge Boyd and Judge McLean vote to affirm the balance of th 2e sentence in total.

The reason for the amendment was only to clarify the Judgment imposed by the original sentencing judgment.

DATED this 9th day of March, 1990.

Hon. Leif B. Erickson dissents. Judge Erickson would vote to merge the sentence for the Burglary with the sentence for the Sexual Intercourse without Consent, on the basis that they are the result of one act and it is within the policy of the State to do so.

The Honorable Leif B. Erickson, Acting Chairman, dissenting, the Honorable Robert Boyd, Acting Member, The Honorable Ed. McLean, Judges.